UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR CSMC MORTGAGE-BACKED
PASS-THROUGH CERTIFICATES, SERIES
2006-2
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715 MAC# 7801-013,
    Plaintiff,

vs.

DERRYN N. JONES, et al.,
    Defendants.

Case No. 1:16-cv-423
Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on defendants' motion for reconsideration of the District Judge's Order adopting the Report and Recommendation of the undersigned and denying defendant Dwight Earl Jones's petition for removal, dismissing this matter from the docket of the Court, and remanding the case to the state court.[1] (Doc. 11). Defendants have also filed a "Demand" for findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52. (Doc. 12).

Defendant Dwight Earl Jones filed a pro se notice of removal of a state court mortgage foreclosure action from the Hamilton County, Ohio Court of Common Pleas to the United States District Court. (Doc. 3). Defendant Jones was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 1). The undersigned conducted a *sua sponte* review of the notice of removal to determine whether the Court had jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). The Court found that jurisdiction was lacking because (1) three of the defendants named in the foreclosure action are Ohio citizens so as to bar removal under 28 U.S.C. § 1441(b), and (2) the Court lacked original federal question jurisdiction under 28

---

[1] Defendants allege they are not proceeding pro se, which is incorrect since defendants are not represented by counsel in this litigation.

U.S.C. § 1331. (Doc. 5). The District Judge adopted the Report and Recommendation over defendants' objections (Doc. 6) by Order dated June 14, 2016. (Doc. 9).

Defendants filed a motion for reconsideration (Doc. 11) and demand for findings of fact and conclusions of law (Doc. 12) on June 24, 2016. Defendants move the Court to reconsider its Order to remand the case to state court on the grounds the Order is clearly erroneous or contrary to law and defendants did not consent to the Magistrate Judge's jurisdiction. Defendants allege that the Court erroneously relied on 28 U.S.C. §§ 1915(a) and 636(b)(1)(B) and Fed. R. Civ. P. 72(b), which they contend apply only to prisoners. Defendants further allege that this is an in rem proceeding over which the United States District Courts have exclusive jurisdiction; the Report and Recommendation did not address the subject matter jurisdiction of the state court; and the case involves securities, an area over which the District Court has jurisdiction.

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: (1) a clear error of law; (2) the availability of new evidence; or (3) an intervening change in controlling law. *Zell v. Klingelhafer*, No. 2:13-cv-00458, 2016 WL 1556058, at *1 (S.D. Ohio Apr. 18, 2016) (citing *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp.2d 895, 900 (S.D. Ohio 2003)). The Court may also reconsider its prior ruling if necessary to prevent manifest injustice. *Id.* (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

In this case, defendants have not demonstrated clear error of law, submitted new evidence, or demonstrated an intervening change in controlling law. Nor is the Court aware of a need to reconsider the prior ruling to prevent manifest injustice. Defendants' assertions that the Court erroneously applied certain statutory provisions and rules are not valid. The *in forma pauperis*

statute, 28 U.S.C. § 1915(a)(1), is not limited to prisoners. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997) (non-prisoners are afforded the ability to seek pauper status in federal court). Nor is the Magistrate Judge's authority to issue a recommended disposition under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b) limited to prisoner cases. Finally, the Court is not required to state findings of fact or conclusions of law when dismissing a case on the pleadings for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 52. Defendants therefore have not asserted a valid reason for the Court to reconsider its Order denying defendants' petition for removal and remanding this matter to state court.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion for reconsideration (Doc. 11) be **DENIED**.

Date: 8/12/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR CSMC MORTGAGE-BACKED
PASS-THROUGH CERTIFICATES, SERIES
2006-2
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715 MAC# 7801-013,
    Plaintiff,

Case No. 1:16-cv-423
Dlott, J.
Litkovitz, M.J.

vs.

DERRYN N. JONES, et al.,
    Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).